MINERVA GOLDBERG, GENERAL ADMINISTRATRIX OF THE ESTATE OF LOUIS GOLDBERG, DECEASED, PLAIN-TIFF-RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, DEFENDANT-APPELLANT.

Argued May 18, 1938—Decided September 16, 1938.

For the appellant, *Starr, Summerill & Lloyd* (*Alfred E. Driscoll,* of counsel).

For the respondent, *French, Richards & Bradley* (*Blaine E. Capehart,* of counsel).

The opinion of the court was delivered by

WALKER, J. Louis J. Goldberg entered the employ of the John Hancock Mutual Life Insurance Company of Boston, Massachusetts, a corporation, on February 5th, 1930, at its Philadelphia, Pennsylvania office as a field agent. He completed one year of continuous service, and on February 11th,

1931, received the company's service mortuary benefit certificate which specified certain conditions and benefits.

The company terminated Goldberg's employment on October 31st, 1931, rehiring him on April 19th, 1932, and in the interim, its board of directors voted to continue the service mortuary benefit certificates for the year 1932.

Goldberg died on June 5th, 1932, and he was, at the time of death, a field agent in the company's employ. The administratrix of his estate claimed death benefits under the aforesaid certificate, and her suit thereon resulted in a directed verdict for $1,329, and the company alleges error.

In determining this appeal it is necessary to ascertain if the service mortuary benefit certificate is supported by consideration, and if so, did Louis J. Goldberg meet its requirements.

The consideration, if any, is set forth in the certificate as follows: "This mortuary benefit is given as a recognition of continuous and faithful service."

Faithful service cannot constitute consideration, the employer being entitled thereto, but continuous service in the case at bar does, on the theory that the appellant (promisor) at its request benefited thereby. *Coast National Bank* v. *Bloom,* 113 *N. J. L.* 597, and *Levine* v. *Blumenthal,* 117 *Id.* 23.

The certificate, as written by the company, and as continued for the year 1932, cannot be said unequivocally to require continuous service of an employe from the date of employment until death, in order that the benefits be payable. It can be argued, and with force we believe, that an employe who has been in the continuous service of the company for one full year is entitled to the benefits if he die in the service of the company, even though there is a break in his employment, and if this be so, there is an ambiguity which must be most strongly construed against the insurer. *Fleming* v. *Connecticut General Insurance Co.,* 116 *N. J. L.* 6; *Michler* v. *New Amsterdam Casualty Co.,* 104 *Id.* 30; *affirmed, Ibid.* 663.

We therefore fail to find error in the trial court's construction, and the judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.  12.

*For reversal*—THE CHANCELLOR, CASE, BODINE, PORTER, JJ.  4.